## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSHUA MACLEOD,

        Plaintiff,               CASE NO. 6:19-cv-1658

vs.

VOLUSIA COUNTY, FLORIDA d/b/a
MARINE SCIENCE CENTER and
LYNEER STAFFING SOLUTIONS, LLC,
a foreign limited liability company,

        Defendants.
_____/

## **COMPLAINT**

Plaintiff, Joshua Macleod (hereafter "Macleod") by and through his attorneys, Jill S. Schwartz & Associates, P.A., brings this complaint against Volusia County, Florida d/b/a Marine Science Center (hereafter "MSC") and Lyneer Staffing Solutions, LLC (hereafter "Lyneer") (collectively, "Defendants") for violations of the Fair Labor Standards Act's ("FLSA") overtime requirements, and in support thereof states as follows:

## **NATURE OF ACTION**

1. This is an action for recovery of unpaid overtime compensation owed to Macleod pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

2. Macleod alleges Defendants unlawfully failed and refused to pay him overtime pay for which he is entitled pursuant to the FLSA while working overtime during his employment, notwithstanding that Macleod is not and has not been exempt from overtime pay.

3. Defendants' practices as alleged herein violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as Macleod's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA.

5. The acts and omissions that give rise to this action occurred in Volusia County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material hereto, Macleod resided in Volusia County, Florida.

7. Lyneer is a Delaware limited liability company that maintains its principal office in New Jersey and conducts business in Volusia County, Florida.

8. MSC is a facility operated by Volusia County, Florida and is located at 100 Lighthouse Drive, Ponce Inlet, Florida 32127.

9. Defendants employed Plaintiff within Volusia County, Florida.

## COVERAGE

10. At all times material hereto, Lyneer employed two or more employees who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

11. Lyneer is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii).

12. Lyneer is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

13. MSC is a public agency subject to the FLSA's coverage pursuant to Section 203(s)(1)(C).

14. MSC and Lyneer share the services of and exert common control over employees, including MacLeod, and Lyneer worked in the direct interest of MSC. Consquently, MSC/Lyneer qualifies as a joint employer under the FLSA.

15. At all times material hereto, MSC/Lyneer was Macleod's employer, as that term is defined under the FLSA.

## GENERAL FACTUAL ALLEGATIONS

16. Starting in September 2013, Macleod was employed as a contract service worker for Defendants and paid on an hourly basis.

17. Macleod worked at MSC in its bird rehabilitation unit.

18. During the relevant time period, Macleod's job title was Animal Husbandry.

19. As part of his job duties, Macleod would care for, rehabilitate and rescue birds.

20. For the purposes of Macleod's claim, the relevant time period commenced three (3) years prior to the filing date of this Complaint and ended on December 3, 2018, when Macleod's employment with MSC/Lyneer terminated.

21. During the period of time that Plaintiff was employed by Defendants, he worked in excess of forty (40) hours in numerous workweeks.

22. MSC/Lyneer was aware that Plaintiff worked in excess of forty (40) hours in numerous workweeks.

23. Macleod was instructed by his supervisor, Christine Wise, to not record any overtime hours on his timesheet because MSC/Lyneer "can't afford it."

24. When Macleod worked overtime but, at his supervisor's direction, did not report the hours, he received no compensation for the overtime work.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
## (UNPAID OVERTIME COMPENSATION)

25. Plaintiff alleges and incorporate by reference paragraphs 1 through 24 herein.

26. At all times relevant to this complaint, Defendants were covered employers under the FLSA.

27. At all times relevant to this complaint, Defendants employed Plaintiff within the definition of the 29 U.S.C. § 203(e)(1).

28. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

29. Plaintiff was not exempt from the right to receive overtime pay under the FLSA at any time during his employment with Defendants.

30. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

31. At all times relevant to this complaint, Defendants failed and refused to pay Plaintiff overtime premiums for his hours worked in excess of forty (40) hours per week.

32. As a result of Defendants' failure to compensate Plaintiff at a rate not less than one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1).

33. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

34. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Plaintiff.

35. Plaintiff is entitled to damages in the amount of his unpaid overtime compensation, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

36. Plaintiff requests recovery of his attorneys' fees and costs associated with his claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under 29 U.S.C. § 201 *et seq*.;

B. An award of damages including liquidated damages to be paid by Defendants;

C. Attorneys' fees and costs; and

D. Any other relief that this Court deems just.

Date:   August 23, 2019

Respectfully submitted,

s/ David H. Spalter, Esq.
David H. Spalter, Esquire
Florida Bar No. 966347
Jill S. Schwartz, Esquire
Florida Bar No. 523021
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911

        Facsimile: (407) 628-4994
        E-mail: jschwartz@schwartzlawfirm.net
        E-mail: dspalter@schwartzlawfirm.net
        Secondary E-mail: jtacktill@schwartzlawfirm.net
        Secondary E-mail: docketing@schwartzlawfirm.net

        Attorneys for Plaintiff